[NOTE. For subsequent proceedings herein, see Case No. 2,654.]

## Case No. 2,654.

### CHESAPEAKE & O. CANAL CO. v. UNION BANK.

[5 Cranch, C. C. 509.][1]

Circuit Court, District of Columbia. Nov. Term, 1838.

RIPARIAN RIGHTS.

The lots in the city of Washington lying on Rock creek, are entitled to the water privilege in front of them, although separated from them by a public street, unless the bank of the creek lies between the street and the creek; and the owner of the lots is entitled to the condemnation money awarded for the water privilege in front of them, condemned for the use of the Chesapeake and Ohio Canal Company.

[Disapproved in Potomac Steam-Boat Co. v. Upper Potomac Steam-Boat Co., 109 U. S. 695, 3 Sup. Ct. 458. See the dissenting opinion in same case, 109 U. S. 701, 4 Sup. Ct. 17.]

So much of the water privilege of Rock creek as lay west of lots Nos. 8, 9, and 10, in square No. 1, in the city of Washington, had been condemned for the use of the Chesapeake and Ohio Canal Company; and the question arose whether the Union Bank of Georgetown, to whom those lots had been conveyed by Leonard Harbaugh, who had purchased them, thirty years ago, from the United States, to whom they had been allotted upon the division of the square, between the public and Robert Peter, the original proprietor of the land, had a right to the condemnation money. This question was submitted to the court.

[For prior proceedings, see Case No. 2,653.]

C. Cox, for the canal company, contended that Mr. Harbaugh never had any water privilege as appurtenant to those lots because they were cut off from the creek by 28th street west; and as the streets belonged to the United States, the water privilege belonged to them also; although Mr. Harbaugh built a wharf into the creek, thirty years ago, and he and those claiming under him have occupied the same ever since without interruption, or adverse claim, by any one; no part of the bank of the creek, and no dry land west of the street, one half of which was in the creek.

Mr. Dunlop, for the Union Bank, contended that the streets were conveyed to the United States only as highways, and did not deprive the riparian proprietors of their water rights, and referred to Nicholas King's letter in Burch's Dig. 329, 353, 359, and the wharf

regulations by the city commissioners in 1795, and the Maryland act of 1791 (chapter 45, § 12).

THE COURT (THRUSTON, Circuit Judge, not sitting) decided that the title of Harbaugh to his wharf was good against the United States, claiming under a private citizen (R. Peter), and that the Union Bank is entitled to the condemnation money.